UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARK E. GOEWERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV263 CDP |
| | ) | |
| HARTFORD LIFE & ACCIDENT INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on defendant Hartford Life & Accident Insurance Company's motion for summary judgment. Plaintiff Mark Goewert filed this suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 et seq., alleging that Hartford wrongly denied his claim for long-term disability benefits. Hartford argues that its denial of Goewert's appeal as untimely was not arbitrary and capricious. Goewert asserts that exhaustion of administrative remedies was not mandatory. He also argues that if the Court finds exhaustion was required, he substantially complied with the exhaustion requirement, or alternatively, that his exhaustion is excused because of the futility exception. I find that Hartford's denial was not arbitrary and capricious. Goewert

did not exhaust his administrative remedies in a timely manner and the futility exception to exhaustion does not apply. I will grant summary judgment to Hartford.

**I.     Background**

Mark Goewert was employed as a Registered Nurse at Barnes Hospital, where he participated in a group employee welfare benefit plan ("Plan"). Hartford Life & Accident Insurance Company operated as a fiduciary and underwriter for the Plan. For the first two years of a participant's disability, the Plan uses an "own occupation" standard, granting benefits if a participant is unable to perform his own occupation. However, after two years the Plan uses an "any occupation" standard, granting benefits only if a participant is unable to perform any occupation.

Goewert filed a claim for long-term disability benefits in late 1997. In a letter dated January 19, 1998, Hartford approved the claim and granted benefits. Hartford informed Goewert on September 7, 1999, that it had started an investigation into whether his benefits should continue past February 19, 2000, which was the two-year mark upon which the standard for receiving benefits changes to the "any occupation" standard. In an April 17, 2000, letter Hartford denied continued benefits to Goewert, stating that Goewert did not qualify under the Plan's definition of 'Total Disability.'

On May 8, 2000, one of Goewert's physicians, Dr. Giuffra, sent a letter to Hartford in response to the denial of benefits, stating that he believed Goewert was

unable to perform his own or any other occupation.  Hartford acknowledged the receipt of Dr. Giuffra's letter and notified Goewert that it did not have the corresponding treatment notes.  Hartford received additional medical records, but on July 14, 2000, it informed Goewert that its decision to deny benefits had not changed.  In this letter Hartford explained what Goewert should do if he disagreed with its decision:

> If you disagree with our denial decision, the Employees Retirement Income Security Act of 1974 ("ERISA") provides you with the right to appeal our decision and review pertinent documents in your claim file.  If you do not agree with the reason why your claim was denied, in whole or in part, and you wish to appeal our decision, you must write to us within sixty (60) days of the date of this letter.  Your letter, which must be signed and dated by you or your legal representative, should clearly outline your position and any issues or comments you have in connection with your claim and our decision to deny your request for benefits under the Policy.

On November 1, 2004, legal counsel for Goewert wrote Hartford appealing the denial of Goewert's 2000 long-term benefits claim and requesting an independent review of his file.  Hartford denied the appeal as untimely on November 11, 2004.

## II. Discussion

### 1. Legal Standards

The standards for summary judgment are well settled.  In determining whether summary judgment should issue, the Court views the facts and inferences

from the facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). At the summary judgment stage, I will not weigh the evidence and decide the truth of the matter, but rather I need only determine if there is a genuine issue for trial. Anderson, 477 U.S. at 249.

The first step in evaluating a denial of benefits claim under ERISA is determining the appropriate standard of review. Although, the Eighth Circuit has said that exhaustion of administrative remedies is a threshold legal question that should be reviewed de novo, Kinkead v. Southwestern Bell Corp. Sickness & Accident Disability Benefit Plan, 111 F.3d 67, 67 (8th Cir. 1997), this Court is not deciding whether to deny Goewert's claim based on a failure to exhaust theory. Rather, the Court is reviewing Hartford's denial of benefits for failure to appeal in a timely manner. For evaluating a challenge to a denial of benefits, de novo review is appropriate unless the plan grants its administrator discretionary authority to

determine benefit eligibility or construe the terms of the plan. Janssen v. Minneapolis Auto Dealers Ben. Fund, 447 F.3d 1109, 1113 (8th Cir. 2006) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)). If a plan gives discretion to a plan administrator, the plan administrator's decision is reviewed under a deferential abuse of discretion standard. Id. Generally, if an administrator's decision is "extraordinarily imprudent or extremely unreasonable, the court is likely to find that there has been an abuse of discretion." Cox v. Mid-America Dairymen, Inc., 965 F.2d 569, 572 (8th Cir. 1992) (citing George G. Bogert & George T. Bogert, The Law of Trusts and Trustees § 560, at 201-04 (rev. 2d ed. 1980)).

>Here, the Plan gives Hartford discretion to interpret its terms:
>
>The Hartford has full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Group Insurance Policy.

(Admin. Rec. p.39) Nevertheless, in certain cases it is possible that a beneficiary may establish facts mandating a less deferential standard, even where the plan grants discretion to the administrator. See Woo v. Deluxe Corp., 144 F.3d 1157, 1160 (8th Cir. 1998). Goewert makes no such argument here, so the deferential abuse of discretion standard shall govern my evaluation of Hartford's denial of the appeal.

## 2. Exhaustion of Administrative Remedies is Required and Failure to Exhaust Results in Dismissal of Suit

Initially, Goewert argues that exhaustion of administrative remedies is not necessary. ERISA does not contain an express requirement that employees exhaust contractual remedies prior to bringing suit. Conley v. Pitney Bowes, 34 F.3d 714, 716 (8th Cir. 1994). However, the Eighth Circuit recently settled the issue as to when exhaustion of administrative remedies is required in the context of a denial of benefits action under ERISA.[1] Wert v. Liberty Life Assurance Co. of Boston, Inc., 447 F.3d 1060 (8th Cir. 2006). In Wert the Court of Appeals held that a participant was required to exhaust remedies as long as the participant has notice of the review procedure, even if the plan, insurance contract, and denial letters described the review procedure in permissive terms and failed to provide explicit notice of the exhaustion requirement Id. at 1063.

Goewert argues that exhaustion is only necessary when it is clearly required under the relevant employee welfare benefit plan. I disagree and conclude that Wert

---

[1] Besides seeking damages for wrongful termination of long-term disability benefits, Goewert's complaint also contains allegations of breach of fiduciary duty by Hartford. To the extent Goewert raises fiduciary duty claims, the Court agrees with and adopts the reasoning of the First and Fifth Circuits, which have found exhaustion of remedies mandatory in breach of fiduciary duty cases, like denial of benefits cases. See Simmons v. Willcox, 911 F.2d 1077, 1081 (5th Cir. 1990) (citing Drinkwater v. Metro. Life Ins. Co., 846 F.2d 821, 825 (1st Cir. 1988) (reasoning that improper denial of benefits also constitutes breach of fiduciary duty under ERISA and exhaustion requirement would be rendered meaningless if plaintiffs could simply recharacterize their claims for benefits as claims for breach of fiduciary duty)).

mandates exhaustion in cases such as this one. Similar to the plan in <u>Wert</u>, the Plan here describes the review procedure in permissive terms:

> On any denied claim, you or your representative may appeal to the Claim Administrator for a full and fair review. You may:
>
> (1) request a review upon written application within 60 days of the claim denial;
>
> (2) review pertinent documents; and
>
> (3) submit issues and documents in writing.

Also as in <u>Wert</u>, the denial letters sent by Hartford to Goewert provide notice of the review procedure but do not explicitly state that exhaustion of remedies is required before filing suit. <u>Wert</u> is the controlling authority on this issue. Goewert had notice of the review procedure, so under <u>Wert</u>, exhaustion of administrative remedies was required before he could file suit in federal court.

### 3. **Goewert Failed to Exhaust Administrative Remedies**

Alternatively, Goewert argues that he did exhaust administrative remedies because the May 8, 2000 letter sent by Dr. Giuffra on Goewert's behalf to Hartford amounted to constructive notice of his appeal and constituted substantial compliance with Hartford's appeal process. Goewert concedes that he did not personally file a written, signed and dated appeal as required by the denial letter he received from Hartford. However, because Hartford reviewed additional information and further

denied benefits after receiving the doctor's letter, Goewert argues that Hartford treated the letter as an appeal.[2]

Goewert analogizes this situation to the facts of <u>Theil v. United Healthcare of the Midlands, Inc.</u>, No. 8:00CV426, 2001 WL 574637, at *2 (D. Neb. Jan. 23, 2001), where the court found that letters written on behalf of the plan participant by her treating physician were considered to be an appeal. <u>Theil</u> is easily distinguishable from the facts of this case because, as Goewert states, the plan itself deemed the letters to be an appeal. In <u>Theil</u>, the defendant plan stated in correspondence that the letter sent on behalf of the plan participant was "considered a written request appealing the initial denial of coverage." <u>Id.</u> Here, Hartford never stated that it was accepting Dr. Giuffra's letter as an appeal of the denial of Goewert's claim.

On the contrary, Hartford denies treating the May 2000 letter from Dr. Giuffra as an appeal. Instead, Hartford asserts that Goewert did not appeal his denial of benefits until his counsel sent the November 2004 letter. Hartford's determination that Dr. Giuffra's letter was not an appeal and that Goewert did not

---

[2] In addition, Goewert argues that Hartford is equitably estopped from asserting Goewert's failure to exhaust administrative remedies. Goewert's only support for this argument is a cite to an Eighth Circuit case which was decided based on Minnesota state law and in which the estoppel argument failed.

appeal until November 2004, was not an "extraordinarily imprudent or extremely unreasonable" finding. Cox, 965 F.2d at 572.

First, as Goewert admits, he did not follow the guidelines for appeal as established in the initial denial letter that he received from Hartford. He did not send a written, signed and dated appeal within sixty days of receiving the denial from Hartford.

Second, Hartford's original denial letter dated April 17, 2000, distinguished between providing additional information and appealing:

> If you have additional information not previously submitted, which you believe will assist us in evaluating your claim for LTD benefits, please forward that to us for our consideration within sixty (60) days from the date of your receipt of this letter. In particular, testing and/or medical reports supporting your inability to perform any work for any occupation may assist us in further evaluating your claim for benefits. Hartford will review any additional information you submit, along with the previously submitted information and notify you of the results of our review.
>
> If you do not have additional information, but you disagree with our denial decision, the Employee Retirement Income Security Act of 1974 ("ERISA") provides you with the right to appeal our decision and review pertinent documents in your claim file. ...

A plain reading of the language of this letter indicates that Goewert had two alternatives: provide "additional information not previously submitted" or appeal the decision, not based on any additional information, but simply because he disagreed.

It was not unreasonable for Hartford to treat Dr. Giuffra's letter and medical records as additional information and not as an appeal.

Additionally, Goewert argues that if Dr. Giuffra's letter was not "sufficient to constitute an appeal, nor amount to substantial compliance with the appeal procedure, clearly Hartford would have so advised." Hartford did so advise in its July 14, 2000, letter upholding its denial of benefits. In that correspondence Hartford explained to Goewert the appeals process. That language would have been redundant if Hartford had accepted and treated Dr. Giuffra's letter as an appeal. I find that Hartford's finding of untimely appeal is reasonable, especially in light of the fact that Goewert admits to not meeting all appeal requirements as set out in the denial letter.

### 4. Exhaustion is not Excused by the Futility Exception

ERISA plan participants are not required to exhaust their claims if they can demonstrate that exhaustion would be futile. Burds v. Union Pacific Corporation, 223 F.3d 814, 817 n. 4 (8th Cir. 2000) (quoting Glover v. St. Louis - San Francisco Ry., 393 U.S. 324, 330 (1969)). Goewert argues that exhaustion would have been futile here because the record is sufficient to show that Goewert has already been denied after multiple levels of appeal.

For application of the futility exception, it is not enough for a plaintiff to speculate that his appeal will be denied. In order to establish that an appeal would

be futile, a plaintiff must show that it is "certain" that a claim would have been denied on appeal. Smith v. Blue Cross & Blue Shield United of Wisconsin, 959 F.2d 655, 659 (7th Cir. 1992). I agree with Hartford that Goewert has failed to show futility in this case. Goewert has presented no facts to support his argument that Hartford's review process would be a useless formality for his appeal. Goewert does not allege that feelings of hostility by Hartford towards him or that wrongdoing on Hartford's part would cause the review process to be wholly futile. See Wilczynski v. Lumbermens Mut. Cas. Co., 93 F.3d 397 (7th Cir. 1996); Battle v. Clark Equipment Co., 579 F.2d 1338, 1345-46 (7th Cir. 1978). Goewert only asserts that Hartford never changed its mind or wavered in consideration. If this argument were accepted, every appeals process could be found futile. Goewert is not excused from exhausting his administrative remedies based on the futility exception.

### 5. Conclusion

ERISA requires that every plan provide a benefits appeal procedure, 29 U.S.C. § 1133(2), and in the Eighth Circuit, benefit claimants must exhaust this procedure before bringing suit. Galman v. Prudential Ins. Co. of America, 254 F.3d 768, 770 (8th Cir. 2001). "[A] claimant's failure to exhaust her administrative remedies bars her from seeking relief in federal court." Norris, 308 F.3d at 884. Failure to file a request for review within the Plan's limitations period is one means

by which a claimant may fail to exhaust administrative remedies. See Gayle v. United Parcel Service, Inc., 401 F.3d 222, 226 (4th Cir. 2005); Gallegos v. Mt. Sinai Med. Ctr., 210 F.3d 803, 808 (7th Cir. 2000); Campos-Holmer v. The Standard Life Insurance Co., 370 F.Supp.2d 912, 917-18 (W.D. Mo. 2005).

Hartford's interpretation of the Plan is reasonable and its denial of Goewert's claim is not arbitrary and capricious. Goewert has no factual support for application of the futility exception to excuse his lack of exhaustion of administrative remedies. Failure to exhaust administrative remedies bars suit in federal court and therefore summary judgment is proper.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Hartford Life & Accident Insurance Company's motion for summary judgment [#11] is GRANTED.

A separate judgment in accord with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of July, 2006.